THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SETH SHICH,                                    )
1820 Clydesdale Place NW, Apt. 200             )
Washington, DC 20009                           )
                                               )
                    Plaintiff,                 )
                                               ) CIVIL CASE NO. JFM15 CV 1021
v.                                             )
                                               )
MEDICREDIT INC.                                )
3620 I-70 Dr. SE, Suite C                      )
Columbia, MO 65201 ;                           )
                                               )
THE OUTSOURCE GROUP ;                          )
Three City Place Drive, Suite 690              )
St. Louis, MO 63141;                           )
                                               )
And                                            )
                                               )
PARALLON BUSINESS SOLUTIONS, LLC,              )
6640 Carothers Parkway                         )
Suite 500                                      )
Franklin, TN 37067                             )
                                               )
                    Defendants.                )

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 APR 10  AM 9: 26
CLERK'S OFFICE
AT GREENBELT
BY BV        DEPUTY

## COMPLAINT

The Plaintiff, Seth Shich ("Plaintiff"), hereby files this Complaint for Violations of the Telephone Consumer Protection Act ("Federal TCPA"), 47 U.S.C. § 227 *et. seq.*; Md. Commercial Law Code Ann. § 14-3202 et. seq. ("Maryland TCPA"); and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et. seq.*, against the Defendants, MediCredit Inc. ("MediCredit"); Parallon Business Solutions, LLC ("Parallon"); and The Outsource Group ("Outsource Group") and in support thereof states:

## THE PARTIES

1. The Plaintiff is a resident of the District of Columbia and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2. The Defendant Parallon is incorporated under the laws of Maryland with its principal place of business in Franklin, Tennessee.

3. The Defendant Outsource Group is a subsidiary of Parallon. The Outsource Group is a corporation incorporated in Missouri with its principal place of business in St. Louis, Missouri.

4. The Defendant Medicredit is a wholly owned subsidiary of The Outsource Group. It has registered and is qualified to do interstate, intrastate, and foreign business as a foreign corporation in Maryland. Its principal place of business is in Columbia, Missouri. The Defendant Medicredit is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION

5. This action is brought under the Federal TCPA; the Maryland TCPA; and the FDCPA.

6. Subject matter jurisdiction is proper for:

   a. The Federal TCPA claims pursuant to 28 USCS § 1331. *Mims v. Arrow Fin. Servs.*, LLC, 132 S.Ct. 740 (2012).

   b. The FDCPA claims pursuant to 15 U.S.C. §1692k(d).

7. Supplemental jurisdiction over the Maryland TCPA claims is proper because the Maryland TCPA claims arise from the same case or controversy as the Federal TCPA and FDCPA claims. 28 USCS § 1367.

8. The Court may exercise personal jurisdiction over the Defendant Medicredit pursuant to M.D. Code § 6-102 and § 6-103 because the Defendant Medicredit:

    a. Has been served with process in or is organized under the laws of Maryland, § 6-102(a); and/or

    b. Transacted business in Maryland that has given rise to the present action, § 6-103(a) and (b)(1); and/or

    c. Caused a tortious injury outside of Maryland — the subject of the present action — while regularly doing and/or soliciting business within Maryland, § 6-103(a) and (b)(4).

9. The court may exercise personal jurisdiction over Parallon because it has been served with process in or is organized under the laws of Maryland. § 6-102(a).

10. The court may exercise personal jurisdiction over the Outsource Group because the Outsource Group is in a parent-subsidiary relationship with the Defendant Medicredit and, on information and belief, the Defendant Medicredit is largely controlled by the Outsource Group. *See Finance Co. of Am. V. Bankamerica Corp.*, 493 F. Supp. 895 (D. Md. 1980) (setting forth agency theory of personal jurisdiction); *see Translation Sys. V. Applied Tech. Ventures*, 559 F. Supp. 566 (D. Md. 1983) (under agency theory of personal jurisdiction, subsidiary will be attributed to its parent for personal jurisdiction purposes where activities of subsidiary are largely controlled by parent).

11. Venue in this district is proper pursuant to 28 U.S. Code § 1391(b)(3) because:

    a. Not all defendants are residents of Maryland, 28 U.S. Code § 1391(b)(1); and

    b. A substantial part of the events giving rise to the claim did not occur in any judicial district within Maryland. 28 U.S. Code § 1391(b)(2)

## STATEMENT OF FACTS

12. The Defendant Medicredit is a nation-wide debt collection agency.

13. Within one year of the filing of this complaint, the Defendant Medicredit repeatedly and willfully contacted the Plaintiff on his cellular telephone, (202) XXX-0067.

14. The Defendant Medicredit made all calls from telephone number, (888) 213-9688.

15. EveryoneAPI, a caller identification service under 47 USCS § 227(e)(8)(b), displayed "Spartan Fnc Svc" as the CNAM or Caller ID Name associated with the Defendant Medicredit's phone number.

16. As late as June 2011, other recipients of the Defendant Medicredit's robocalls made similar observations about the CNAM associated with the Defendant Medicredit's phone number. *See, e.g*, http://800notes.com/Phone.aspx/1-888-213-9688/2 (accessed on 21:46 EST on April 6, 2015) ("call block does not work for this number, they are routed through anyway. Medicredit appearing as Spartan fnc svc. I answer - they just hang up. I called them back, but it seems the call was for someone who used to have my number. They said they would remove my number from their list. We'll see...").

17. Voice messages left by the Defendant Medicredit on the Plaintiff's cellular telephone indicate that the Defendant Medicredit was attempting to collect a debt on behalf of Washington Hospital Center. According to the contents of the

messages, an individual named Jason XXXX had incurred the debt—not the Plaintiff.

18. These calls were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. The Defendant Medicredit made these calls by way of an automatic telephone dialing system that used an artificial or prerecorded voice ("robocalls").

20. Specifically, the Defendant Medicredit made the following robocalls to the Plaintiff's cellular telephone:

### October 22, 2014

*"Hello. This is a confidential message for . . . Jason [REDACTED]. If you are not . . . Jason [REDACTED] hang up or disconnect immediately. This is a call from Medicredit Incorporated. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call our office regarding a personal business matter. The toll free number is (888) 213-9688."*

### October 28, 2014

[Same as voicemail recorded on October 22, 2014]

### November 13, 2014

[Same as voicemail recorded on October 22, 2014 and October 28, 2014]

### December 3, 2014

[Same as voicemail recorded on October 22, 2014, October 28, 2014, and November 13, 2014]

### December 11, 2014

[Same as voicemail recorded on October 22, 2014, October 28, 2014, November 13, 2014, and December 3, 2014]

### January 28, 2015

*"Hello. We are calling from Medicredit on behalf of Washington Hospital Center. Please return our call at (888) 213-9688."*

### February 4, 2015

[Same as voicemail recorded on January 28, 2015]

### February 5, 2015

[Same as voicemail recorded on January 28, 2015 and February 4, 2015]

### February 11, 2015

[Same as voicemail recorded on January 28, 2015, February 4, 2015, and February 5, 2015]

21. In addition, on March 2, 2015, the Defendant Medicredit called the Plaintiff's cellular telephone but failed to leave a voicemail. While the Plaintiff did not pick up this call, it would no doubt have played exactly the same message as the voicemails recorded on January 28, 2015; February 4, 2015; February 5, 2015; and February 11, 2015.

22. On March 5, 2015, the Plaintiff sought to email the Defendants Medicredit and the Outsource Group in order to expeditiously resolve this matter. Unable to locate the email addresses for the Defendant Medicredit or the Defendant the Outsource Group, *see* https://www.medicreditcorp.com/paymenttype1r.html (accessed on April 7, 2015 at 22:06 EST) (no phone number, email address, or

6

mailing address provided); *see* http://theoutsourcegroup.com/contact-us/ (accessed on April 7, 2015 at 22:06 EST) (only email address provided for Parallon and not for Outsource Group), the Plaintiff elected to email the Defendant Parallon.

23. In an email to the Defendant Parallon dated March 5, 2015, the Plaintiff formally notified the Defendant Parallon of the TCPA violations and requested that the Defendant Parallon contact the Plaintiff to resolve this matter outside the context of formal litigation.

24. As of the present date, the Defendants have yet to respond to the Plaintiff's March 5, 2015 email.

25. On March 6, 2015, the Plaintiff received yet another robocall from the Defendant Medicredit. The voicemail recorded for this phone call was identical to that recorded on January 28, 2015; February 4, 2015; February 5, 2015; and February 11, 2015.

### COUNT I
### Violations of the Federal TCPA, 47 U.S.C. § 227 *et. Seq*

The Plaintiff repeats, realleges, and reiterates all of the foregoing allegations as if fully set forth herein at length and further alleges that at all times relevant to this complaint:

26. The Plaintiff was and is a "person." 47 USCS § 153(39).

27. The Defendant Medicredit was and is a "person." 47 USCS § 153(39).

28. The Plaintiff was and is a regular user and carrier of the cellular telephone associated with the number, (202) XXX-0067, and qualifies as a "called party." 47 USCS § 227(b)(1)(A)(iii).

29. The Defendant Medicredit was "within the United States." 47 USCS § 227(b)(1).

30. The Defendant Medicredit has owned, operated, and/or controlled "customer premises equipment," 47 U.S.C. § 153(16), which originated, routed, and/or terminated telecommunications.

31. The Defendant Medicredit engages in "telecommunications." 47 U.S.C. § 153(50).

32. The Defendant Medicredit engages in "interstate communications." 47 U.S.C. § 153(28).

33. The Defendant Medicredit has used, controlled, and/or operated "wire communications," which existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(59).

34. The Defendant Medicredit has used, controlled, and/or operated "automatic telephone dialing systems." 47 U.S.C. § 227(a)(1); 47 C.F.R. § 64.1200(f)(2).

35. Within the four years immediately preceding the filing of this lawsuit, the Defendant Medicredit telephoned the Plaintiff's cellular phone at (202) XXX-0067 on numerous occasions and left pre-recorded messages on the Plaintiff's voicemail service.

36. The Defendant Medicredit and its employees initiated these calls using an automatic telephone dialing system.

37. On all of these calls, the Plaintiff would hear only a robotic voice on the call and voicemails. Whenever the Plaintiff would answer the calls he would hear an automated message.

38. The Defendant Medicredit did not have the Plaintiff's prior express consent to call

his cellular telephone number and has no business relationship with the Plaintiff.

39. The Plaintiff never constructively consented to receive calls from the Defendant Medicredit by furnishing either the Defendant Medicredit or Washington Hospital with his cellular telephone number.

40. All of the Defendant Medicredit's repeated autodialed calls to the Plaintiff's cell phone were:

   a. Illegal communications in violation of 47 USCS § 227(b)(1)(A)(iii);

   b. Both willful and knowing as these terms are defined in Maryland law, 47 U.S.C. § 312, and in FCC decisions interpreting these terms.

41. In addition, when the Defendant Medicredit called the Plaintiff using an artificial or prerecorded message on October 22, 2014, October 28, 2014, November 13, 2014, December 3, 2014, and December 11, 2014, the messages did not state clearly the identity of the business at the beginning of the calls. 47 CFR 64.1200(b)(1). Indeed, the messages did not announce the identity of the Defendant Medicredit until fourteen seconds into the calls.

42. Furthermore, the Defendant Medicredit has caused a caller identification service, namely, EveryoneAPI, to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud or wrongfully obtain something of value. 47 USCS § 227(e)(1).

43. The Defendant Medicredit's actions as described above:

   c. Left the Plaintiff feeling helpless and victimized because he was unable to stop the persistent and intrusive telephoning by the Defendant Medicredit.

   d. Eliminated the peace and solitude that the Plaintiff would have otherwise

had, intruding upon the Plaintiff's right to privacy.

## COUNT II
### Violations of the Maryland TCPA, Md. Commercial Law Code Ann. § 14-3202 *et. seq*

The Plaintiff repeats, realleges, and reiterates all of the foregoing allegations as if fully set forth herein at length and further alleges that at all times relevant to this Complaint:

44. Each of the Defendant Medicredit's violations of the Federal TCPA, *see supra* ¶¶ 28 – 30, also constitute violations of the Maryland TCPA. *See* Md. Commercial Law Code Ann. § 14-3202(c) ("For purposes of this section, each prohibited telephone solicitation and each prohibited practice during a telephone solicitation is a separate violation.")

45. Specifically, the Defendant Medicredit violated the Maryland TCPA in three ways:

    e. Making calls to the Plaintiff's cellular telephone by way of an automatic telephone dialing systems that used an artificial or prerecorded voice without the Plaintiff's consent. 47 USCS § 227(b)(1)(A)(iii)

    f. Failing to state clearly its identity at the beginning of many of these calls. 47 CFR 64.1200(b)(1).

    g. Causing a caller identification service, namely, EveryoneAPI, to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud or wrongfully obtain something of value. 47 USCS § 227(e)(1).

## COUNT III
### Violations of the FDCPA, 15 U.S.C. §1692, *et. seq.*

46. The Plaintiff does not owe any debt to the Defendant Medicredit.

47. Since the Plaintiff did not owe any debt to the Defendant Medicredit, the Defendant Medicredit should not have called the Plaintiff to discuss collection of a debt.

48. In its attempts to collect the debt allegedly owed by the Plaintiff, the Defendant Medicredit violated the FDCPA in one or more of the following ways:

    a. Failed to provide verification of the amount of the debt, the name of the creditor to which the debt is allegedly owed, and the necessary statement to consumer regarding the effect of failing to dispute the debt, in violation of 15 U.S.C. §1692g(a);

    b. Harassed Plaintiff by failing to cease communications after being informed that Plaintiff did not owe any debt in violation of 15 U.S.C. § 1692 d;

    c. Harassed Plaintiff by incessantly calling his cellular phone in the attempt to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692 d;

    d. Caused the phone to ring repeatedly by calling and leaving messages excessively in violation of 15 U.S.C. § 1692 d(5);

    e. Placed phone calls without disclosing the caller's identity in violation of 15 U.S.C. §1692 d(6);

    f. Used deceptive means to collect the alleged debt in violation of 15 U.S.C. §1692e(10) by
        i. calling the Plaintiff and hanging up without leaving a voicemail message on March 2, 2015; and
        ii. failing to disclose in subsequent communications on January 28, 2015; February 4, 2015; February 5, 2015; February 11, 2015; and March 6, 2015 that the communication was from a

        debt collector.

    g. Failed to disclose in subsequent communications that the communication was from a debt collector in violation of 15 U.S.C. §1692e(10)

49. As a result of the Defendant Medicredit's calling practices, the Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, and confusion, among other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy. The Plaintiff has been afraid to answer the phone due to the incessant and persistent calls, causing him to potentially miss important calls. Furthermore, the Defendant Medicredit's calls have disrupted the Plaintiff's ability to function at work: Because the Defendant Medicredit would frequently call the Plaintiff during work hours and while he was in close proximity to colleagues, who work beside him in nearby cubicles, the Plaintiff experienced immense embarrassment and shame from debt collection calls that his colleagues could easily overhear.

## TRIAL BY JURY

50. The Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**ACCORDINGLY**, Plaintiff prays that judgment be entered against the Defendants as follows:

### COUNT I
### Violations of the Federal TCPA, 47 U.S.C. § 227 *et. Seq*

- For an award of statutory damages of $500.00 per call. 47 U.S.C. § 227(b)(3)(B);

- For an award of treble damages of $1,500.00 per call. 47 U.S.C. § 227(b)(3);

- For an injunction prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system or utilizing prerecorded messages or artificial voices. 47 U.S.C. § 227(b)(3)(a); and

- For such other and further relief as may be just and proper.

## COUNT II
### Violations of the Maryland TCPA, Md. Commercial Law Code Ann. § 14-3202 *et. seq*

- For an award of statutory damages of $500 *per violation per call.* Md. Commercial Law Code Ann. § 14-3202(b)(2)(i) and § 14-3202(c).

- For an award of attorneys fees. Md. Commercial Law Code Ann. § 14-3202(b)(1).

## COUNT III
### Violations of the Fair Debt Collections Practices Act 15 U.S.C. § 1692

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- For such other and further relief as may be just and proper;

Date: April 8, 2015                                                                        Respectfully submitted,,

_____
Seth Shich
*Plaintiff pro se*
1820 Clydesdale Place NW
Apt. 200
Washington, DC 20009